IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER PINEDA CRUZ, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:12-cr-8-B(9) |
| v. | § | No. 3:13-cv-158-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Javier Pineda Cruz has filed a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255. The motion should be dismissed without prejudice.

**Background**

On February 23, 2012, Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). On January 4, 2013, punishment was assessed at 262 months imprisonment followed by a five-year supervised release term. Ten days later, on January 14, 2013, Movant filed a notice of appeal of his conviction and sentence, and this motion to correct, vacate, or set aside sentence. *See United States v. Cruz*, No. 3:12-cr-8-B(9), Dkt. Nos. 354 & 355; *United States v. Cruz,* No. 13-10047 (5th Cir., entered Jan. 15, 2013). Movant seeks post-conviction relief on grounds that he received ineffective assistance of counsel and his guilty plea was involuntary.

**Legal standards**

"[A] a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir. 1988); *see also United States v. Bernegger,* 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, this Court should decline to address the motion and dismiss the action without prejudice. *See, e.g., Bernegger,* 661 F.3d at 241 ("The district court correctly determined that Bernegger's habeas corpus petition was not ripe for review."); *Canales v. United States,* No. 3:07-cv-78-L, 2007 WL 646189, at *1 (N.D. Tex. Feb. 28, 2007) ("[T]his case is dismissed without prejudice for lack of jurisdiction because this court has no jurisdiction to consider this petition while he has a direct appeal of his criminal conviction pending."); *United States v. Norwood,* No. 7:06-cv-187-R, 2006 WL 3350207, at *1 (N.D. Tex. Nov. 15, 2006) ("The Fifth Circuit has long held that a district court should not entertain a § 2255 motion during the pendency of a direct appeal because the disposition of the appeal may render the motion moot.").

**Analysis**

It plainly appears from the face of the motion and the record of prior proceedings that Movant is not entitled to post-conviction relief at this time because his direct appeal is pending. Accordingly, Movant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. See Rule 4(b), RULES GOVERNING SECTION 2255 CASES.

## Recommendation

Movant's motion to correct, vacate, or set aside sentence should be summarily dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE